IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
JUL 2 5 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MICHELLE GIBSON, | ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: **CJ-2019-02953** |
| CSAA GENERAL INSURANCE CO., f/k/a AAA INSURANCE CO., | ) ) Linda Morrissey ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) ) |

## PETITION

COMES NOW the Plaintiff, Michelle Gibson, by and through her attorney of record, Daniel E. Smolen, and for her cause of action against Defendant CSAA General Insurance Company, f/k/a AAA Insurance Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff at all times relevant hereto was a resident of Tulsa County, Oklahoma.

2. Defendant CSAA General Insurance Company, f/k/a AAA Insurance Company (herein collectively referred to as "Defendant AAA" or "AAA"), is a foreign for profit corporation regularly conducting business in Tulsa County, Oklahoma.

3. The accident and injury that give rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around April 23, 2018, Plaintiff was injured in a motor vehicle accident due to the negligence of a third party.

7. Plaintiff sustained serious bodily injury as a result of this accident.

EXHIBIT 1

8. The force exerted on Plaintiff's vehicle caused severe damage to Plaintiff's vehicle.

9. The vehicle Plaintiff was operating at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UM") coverage with AAA.

10. The third party responsible for this accident, Ashley Brown, had minimum liability insurance limits in the amount of $25,000.00, and as such, was underinsured for the injuries sustained by Plaintiff.

11. On or around June 5, 2019, Plaintiff submitted a demand package to the tortfeasor's liability insurance carrier, State Farm Insurance, as well as Defendant AAA, requesting that both insurance carriers tender the applicable policy limits under the respective policies, due to the nature and extent of Ms. Gibson's injuries.

12. In response to said demand, State Farm Insurance tendered its policy limits of $25,000.00 within just two weeks of being requested to do so.

13. On or around June 20, 2019, Defendant AAA's claims representative handling Plaintiff's claim, Keith Moore, sent Plaintiff a letter offering an amount below the Plaintiff's total medical bills and stating AAA would not waive its right of subrogation as to the third-party liability insurance proceeds.

14. Mr. Moore admittedly failed to evaluate Plaintiff's medical records prior to making an offer, then flat out refused to consider Plaintiff's surgical recommendation. Mr. Moore made no effort to complete his own evaluation of Plaintiff's medical condition or necessity for surgical intervention, and failed to schedule Plaintiff for an Independent Medical Examination. This denial was not based upon any medical evidence gathered on his own.

15.     Mr. Moore, acting in the course and scope of his employment with Defendant AAA, and acting on behalf of Defendant AAA, exhibited conduct throughout his alleged investigation and evaluation of Plaintiff's UM claim, that encompassed and embraced a pattern and practice of behavior intended to under-evaluate the amount of Plaintiff's UM claim.

19.     The behavior demonstrated by Mr. Moore in the handling of Ms. Gibson's UM claim, upon information and belief that will be confirmed through discovery, is and was representative of a corporate culture and philosophy within AAA that encouraged its claim representatives to undercut and under-evaluate payment of Oklahoma UM claims.

20.     As of the date of this filing, Defendant AAA, by and through its agents and employees, has failed to conduct a reasonable investigation into the nature and extent of Plaintiffs injuries as a result of the April 23, 2018 motor vehicle accident; failed to evaluate Plaintiffs UM claim, and has refused to tender Plaintiff the UM insurance benefits she is so clearly owed.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

21.     Paragraphs 1-20 are incorporated herein by reference.

22.     Plaintiff had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by her at all times relevant hereto.

23.     That, at the time of the accident, the third party tortfeasor liable for said accident was underinsured.

24.     That pursuant to the terms of the policy of insurance with AAA, this is a factual situation wherein the uninsured/underinsured motorist coverage contained in said policy with Defendant AAA applies to the accident involving Plaintiff.

25.  Plaintiff has requested AAA tender payment under said policies and Defendant AAA has failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

26.  Defendant AAA has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant AAA for the personal injuries sustained while covered by such contract.

## COUNT II: BAD FAITH

27.  Paragraphs 1-26 are incorporated herein by reference.

28.  Plaintiff had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by her.

29.  Plaintiff has requested AAA tender any and all applicable polices of uninsured/underinsured motorist coverage.

30.  As of the date of this filing, Defendant AAA has failed to pay any monies under the applicable policy of insurance.

31.  In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant AAA breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

   a.  Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew, or should have known, the Plaintiff was entitled to those benefits;

   b.  Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c.   Unreasonably delaying payment of those benefits without a reasonable basis;

d.   Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

e.   Intentionally and recklessly misapplying the provisions of the insurance policy;

f.   Failing to properly investigate the Plaintiffs claim for benefits;

g.   Failing to properly evaluate the Plaintiff's medical;

h.   Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

i.   Failing to attempt to act in good faith to effectuate a prompt, fair settlement of the Plaintiff's claim.

32.   As a direct result of Defendant AAA's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III. PUNITIVE DAMAGES

33.   Paragraphs 1-32 are incorporated herein by reference.

34.   The intentional, wanton and reckless conduct of Defendant AAA in disregard of the Plaintiff and others is, and was, conducted with full knowledge, in that Defendant AAA knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

35.     That such acts and omissions were not only detrimental to the Plaintiff but to the public in general.

36.     Defendant AAA has acted intentionally, maliciously and in reckless disregard of the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against Defendant AAA.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN & ROYTMAN**

Daniel E. Smolen, OBA #19943
Lauren Lambright, OBA #22300
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
danielsmolen@ssrok.com
laurenlambright@ssrok.com
*Attorneys for Plaintiff*